UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRENDA KAY BROWN | ) | CASE NO. 12-70013 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JAMES WESTENHOEFER, Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 14-07006 |
| | ) | |
| WHITEFORD TAYLOR PRESTON LLP AND | ) | |
| JAMES A. BROWN, By and Through His | ) | |
| Conservator RICHARD WEHRLE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF WHITEFORD TAYLOR PRESTON LLP

Comes now the Defendant, Whiteford Taylor Preston LLP ("Defendant"), by and through counsel, and for its Answer to the Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against Defendant for which relief can be granted.

### SECOND DEFENSE

The Complaint is barred in whole or in part by relevant statutes of limitation and/or the doctrine of laches.

### THIRD DEFENSE

The Complaint is barred in whole or in part by the doctrine of pre-emption.

## FOURTH DEFENSE

The Complaint is barred because it seeks the return of property that is not subject to turnover.

## FIFTH DEFENSE

The Complaint is barred because any transfers received by Defendant are not avoidable.

## SIXTH DEFENSE

The Complaint is barred because any transfers made to or for the benefit of Defendant were not made with the actual intent to hinder, delay, or defraud any entity to which the debtor was or became indebted.

## SEVENTH DEFENSE

The Complaint is barred because the Debtor received reasonably equivalent value in exchange for any transfers made to Defendant.

## EIGHTH DEFENSE

Defendant asserts any and all defenses available under the United States Bankruptcy Code.

## NINTH DEFENSE

The Complaint is barred by the earmarking doctrine.

## TENTH DEFENSE

Defendant reserves the right to plead additional affirmative defenses as discovery may warrant and hereby incorporates any and all affirmative defenses referenced by or covered by Fed. R. Civ. P. 8, which applies to this action by virtue of Fed. R. Bankr. P. 7008.

## ELEVENTH DEFENSE

In response to the individually numbered paragraphs of the Complaint, Defendant states as follows:

1. The averments of paragraph 1 are admitted.

2. The averments of paragraph 2 are admitted.

3. The averments of paragraph 3 are admitted.

4. Defendant is without sufficient information to form a belief concerning the averments of paragraph 4, and therefore denies same.

5. The averments of paragraph 5 contain legal conclusions to which no response is required. To the extent a response could be construed as necessary, the averments of paragraph 5 are denied.

6. The averments of paragraph 6 are admitted.

7. The averments of paragraph 7 are admitted.

8. The averments of the first sentence of paragraph 8 are admitted. The remaining averments of paragraph 8 contain legal conclusions to which no response is required. To the extent a response could be construed as necessary, the remaining averments of paragraph 8 are denied.

9. The averments of the first sentence of paragraph 9 are admitted. In response to the averments of the second sentence of paragraph 9, Defendant admits that James A. Brown suffered a stroke in December of 2008, but denies any remaining allegations in that sentence.

10. In response to the averments of paragraph 10, Defendant admits that Richard Wehrle filed a petition for the appointment of an Emergency Conservator on or about March 3, 2010. Defendant is without sufficient information to form a belief concerning the remaining averments of paragraph 10, and therefore denies same.

11. Defendant is without sufficient information to form a belief concerning the averments in the first sentence of paragraph 11, and therefore denies same. The remaining

averments of paragraph 11 refer to a document, which is attached to the Complaint and speaks for itself.  Any other averments in paragraph 11 are denied.

12. The averments of paragraph 12 are admitted.

13. The averments of the first sentence of paragraph 13 are admitted, with the clarification that the Conservator Order (as that term is defined in the Complaint) was entered on October 11, 2011.  The averments of the second sentence of paragraph 13 refer to the Conservator Order, which speaks for itself.  Any remaining averments in paragraph 13 are denied.

14. The averments of paragraph 14 refer to the Conservator Order, which speaks for itself.  Any remaining averments in paragraph 14 are denied.

15. The averments of paragraph 15 refer to the Conservator Order, which speaks for itself.  Any remaining averments in paragraph 15 are denied.

16. Defendant is without sufficient information to form a belief concerning the averments of paragraph 16, and therefore denies same.

17. The averments of paragraph 17 are admitted.

18. With respect to the averments of paragraph 18, Defendant admits that it reviewed portions of the State Court record of the Conservator Action (as that term is defined in the Complaint), including the Conservator Order.  The remaining averments of paragraph 18 are denied.

19. With respect to the averments of paragraph 19, Defendant admits that it has previously represented M Y New Hampshire, LLC and that Erik Bolog has previously served as general counsel for M Y New Hampshire, LLC.  The averments of paragraph 19 also refer to a document, which speaks for itself.  The remaining averments of paragraph 19 are denied.

4

20. In response to the averments of paragraph 20, Defendant admits that it and Erik Bolog have previously acted as co-counsel. The remaining averments of paragraph 20 are denied.

21. In response to the averments of paragraph 21, Defendant admits that a history of prior matters on which Defendant and Erik Bolog jointly participated was not included in Defendant's disclosures to the Court. The remaining averments of paragraph 21 are denied.

22. The averments of the first sentence of paragraph 22 are admitted. Defendant is without sufficient information to form a belief concerning the remaining averments of paragraph 22, and therefore denies same.

23. Defendant is without sufficient information to form a belief concerning the averments of paragraph 23, and therefore denies same.

24. Defendant is without sufficient information to form a belief concerning the averments of paragraph 24, and therefore denies same.

25. Defendant is without sufficient information to form a belief concerning the averments of paragraph 25, and therefore denies same.

26. Defendant is without sufficient information to form a belief concerning the averments of paragraph 26, and therefore denies same.

27. Defendant is without sufficient information to form a belief concerning the averments of paragraph 27, and therefore denies same.

28. Defendant is without sufficient information to form a belief concerning the averments of paragraph 28, and therefore denies same.

29. The averments of paragraph 29 are denied.

30. The averments of paragraph 30 are denied to the extent that the Plaintiff alleges that Defendant released any mortgage on the Debtor's home, as Defendant had no such mortgage to release. Defendant is without sufficient information to form a belief concerning the remaining averments of paragraph 30, and therefore denies same.

31. In response to the averments of paragraph 31, Defendant admits only that the Debtor filed an application for employment of Defendant as special litigation counsel pursuant to 11 U.S.C. § 327(e). Any remaining averments in paragraph 31 are denied.

32. The averments of paragraph 32 are admitted.

33. The averments of paragraph 33 refer to a document, which speaks for itself. The remaining averments of paragraph 33 are denied.

34. The averments of paragraph 34 refer to a document, which speaks for itself. The remaining averments of paragraph 34 are denied.

35. The averments of paragraph 35 are denied because Defendant disclosed the amount of the Retainer Payment that it applied in the Initial Compensation Disclosure, which was filed with the Initial Declaration and the Initial Application (as those terms are defined in the Complaint).

36. The averments of paragraph 36 refer to a document, which speaks for itself. The remaining averments of paragraph 36 are denied.

37. The averments of paragraph 37 are denied.

38. The averments of paragraph 38 are denied.

39. The averments of paragraph 39 are denied.

40. The averments of paragraph 40 are admitted, with the clarification that the U.S. Trustee's Objection referred to in paragraph 40 is found at [Doc. No. 30].

6

41. The averments of paragraph 41 are denied.

42. The averments of the first sentence of paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of the first sentence of paragraph 42. Defendant denies the averments of the second sentence of paragraph 42.

43. The averments of paragraph 43 are admitted, with the clarification that the Second Declaration is identical to the First Declaration (as those terms are defined in the Complaint).

44. The averments of paragraph 44 refer to a document, which speaks for itself. The remaining averments of paragraph 44 are denied.

45. The averments of paragraph 45 are denied.

46. The averments of paragraph 46 are denied.

47. The averments of paragraph 47 are admitted, with the clarification that the February 6, 2012 filings referred to in paragraph 47 were made jointly with Defendant's co-counsel.

48. The averments of paragraph 48 refer to a document, which speaks for itself. The remaining averments of paragraph 48 are denied.

49. The averments of paragraph 49 refer to a document, which speaks for itself. The remaining averments of paragraph 49 are denied.

50. The averments of paragraph 50 refer to several documents, which speak for themselves. The remaining averments of paragraph 50 are denied.

51. The averments of paragraph 51 are denied.

52. The averments of paragraph 52 are admitted.

53. Defendant is without sufficient information to form a belief concerning the averments of the first sentence of paragraph 53, and therefore denies same. The averments of the second sentence of paragraph 53 refer to a document, which speaks for itself. Any remaining averments of paragraph 53 are denied.

54. The averments of paragraph 54 refer to a document, which speaks for itself. Any remaining averments of paragraph 54 are denied.

55. The averments of paragraph 55 are admitted.

56. The averments of paragraphs 56 refer to documents, which speak for themselves. Any remaining averments of paragraph 56 are denied.

57. The averments of paragraph 57 are denied.

58. The averments of paragraph 58 are admitted.

59. The averments of paragraphs 59 refer to documents, which speak for themselves. Any remaining averments of paragraph 59 are denied.

60. Defendant is without sufficient information to form a belief concerning the averments of paragraph 60, and therefore denies same.

61. The averments of paragraph 61 are denied.

62. The averments of paragraph 62 refer to documents, which speak for themselves. The remaining averments of paragraph 62 are denied.

63. In response to the averments of paragraph 63, Defendant admits that it filed a Disclosure of Compensation on April 6, 2012. The remaining averments of paragraph 63 are denied.

64. The averments of paragraph 64 are admitted, with the clarification that the motion to withdraw was filed on April 2, 2012.

65. The averments of paragraphs 65 refer to documents, which speak for themselves. Any remaining averments of paragraph 65 are denied.

66. The averments of paragraph 66 are denied.

67. The averments of paragraph 67 are denied.

68. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 67 of this Answer as if set forth fully herein.

69. The averments of paragraph 69 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 69.

70. Defendant is without sufficient information to form a belief concerning the averments of paragraph 70, and therefore denies same.

71. The averments of paragraph 71 are admitted.

72. In response to the averments of paragraph 72, Defendant admits that the Settlement Agreement (as that term is defined in the Complaint) was approved by the Court. Defendant is without sufficient information to form a belief concerning the remaining averments of paragraph 72, and therefore denies same.

73. The averments of paragraph 73 refer to a document, which speaks for itself. The remaining averments of paragraph 73 are denied.

74. The averments of paragraph 74 are denied.

75. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 74 of this Answer as if set forth fully herein.

76. The averments of paragraph 76 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 76.

77. The averments of paragraph 77 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 77.

78. The averments of paragraph 78 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 78.

79. The averments of paragraph 79 are denied.

80. The averments of paragraph 80 are denied.

81. The averments of paragraph 81 are denied.

82. The averments of paragraph 82 are denied.

83. The averments of paragraph 83 are denied.

84. The averments of paragraph 84 are denied.

85. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 84 of this Answer as if set forth fully herein.

86. In response to the averments of paragraph 86, Defendant states that 11 U.S.C. § 541 speaks for itself. Any remaining allegations in paragraph 86 are denied.

87. The averments of paragraph 87 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 87.

88. The averments of paragraph 88 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 88.

89. The averments of paragraph 89 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 89.

90. In response to the averments of paragraph 90, Defendant states that 11 U.S.C. § 542 speaks for itself. Any remaining allegations in paragraph 90 are denied.

91. The averments of paragraph 91 are denied.

92. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 91 of this Answer as if set forth fully herein.

93. The averments of paragraph 93 are denied.

94. The averments of paragraph 94 are denied.

95. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 94 of this Answer as if set forth fully herein.

96. In response to the averments of paragraph 96, Defendant states that 11 U.S.C. §§ 544 and 550 speak for themselves. Any remaining allegations in paragraph 96 are denied.

97. The averments of paragraph 97 are denied.

98. The averments of paragraph 98 are denied.

99. The averments of paragraph 99 are denied.

100. The averments of paragraph 100 are denied.

101. The averments of paragraph 101 are denied.

102. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 101 of this Answer as if set forth fully herein.

103. The averments of paragraph 103 are admitted.

104. The averments of paragraph 104 are denied.

105. The averments of paragraph 105 are denied.

106. The averments of paragraph 106 are denied.

107. The averments of paragraph 107 are denied.

108. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 107 of this Answer as if set forth fully herein.

109. The averments of paragraph 109 are admitted.

110. The averments of paragraph 110 are denied.

111. The averments of paragraph 111 are denied.

112. The averments of paragraph 112 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 112.

113. The averments of paragraph 113 are denied.

114. The averments of paragraph 114 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 114.

115. The averments of paragraph 115 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 115.

116. The averments of paragraph 116 are denied.

117. The averments of paragraph 117 are denied.

118. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 117 of this Answer as if set forth fully herein.

119. The averments of paragraph 119 are admitted.

120. The averments of paragraph 120 are denied.

121. The averments of paragraph 121 are denied.

122. The averments of paragraph 122 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 122.

123. The averments of paragraph 123 are denied.

124. The averments of paragraph 124 are denied.

125. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 124 of this Answer as if set forth fully herein.

126. The averments of paragraph 126 are admitted.

127. The averments of paragraph 127 are denied.

128. The averments of paragraph 128 are denied.

129. The averments of paragraph 129 are denied.

130. The averments of paragraph 130 are denied.

131. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 130 of this Answer as if set forth fully herein.

132. The averments of paragraph 132 are admitted.

133. The averments of paragraph 133 are denied.

134. The averments of paragraph 134 are denied.

135. Defendant is without sufficient information to form a belief concerning the averments of paragraph 135, and therefore denies same.

136. The averments of paragraph 136 are denied.

137. The averments of paragraph 137 are denied.

138. Defendant repeats and incorporates by reference the statements contained in paragraphs 1 through 137 of this Answer as if set forth fully herein.

139. The averments of paragraph 139 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 139.

140. The averments of paragraph 140 are denied.

141. The averments of paragraph 141 are denied.

142. The averments of paragraph 142 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments of paragraph 142.

143. The averments of paragraph 143 are denied.

144. The averments of paragraph 144 are denied.

145. Paragraph 145 contains no averments of fact or law to which a response is required. To the extent a response is required, Defendant denies the averments of paragraph 145.

WHEREFORE, having fully answered the Complaint of Plaintiff, James Westenhoefer, Chapter 7 Trustee, Defendant demands as follows:

1. That said Complaint be dismissed as to it;

2. That Plaintiff be awarded no relief against Defendant;

3. For its costs and attorney's fees herein expended, to the extent allowable; and

4. For all other appropriate relief to which it may now or hereafter appear to be entitled.

Respectfully submitted,

*/s/ Ellen Arvin Kennedy, Esq.*
Ellen Arvin Kennedy, Esq.
John M. Spires, Esq.
DINSMORE & SHOHL, LLP
Lexington Financial Ctr.
250 W. Main Street, Ste. 1400
Lexington, KY 40507
Telephone:  (859) 425-1000
Facsimile:  (859) 425-1099
Email:  ellen.kennedy@dinsmore.com
     john.spires@dinsmore.com
**ATTORNEYS FOR WHITEFORD TAYLOR PRESTON LLP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served this the 4th day of March, 2014, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this adversary proceeding.

*/s/  Ellen Arvin Kennedy, Esq.*
**ATTORNEY FOR WHITEFORD TAYLOR PRESTON LLP**

550747v1